## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**CARLIS FAYE BROWN, et al.,**

       **Plaintiffs,**              **CASE NO. 06-10899**

                                **HONORABLE DENISE PAGE HOOD**

**v.**

**NL INDUSTRIES, INC., et al.,**

       **Defendants.**
_____/

### MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

This matter is before the Court on Defendant NL Industries, Inc.'s Motion to Dismiss Counts III and IV, and Defendant Cadillac Coffee Company's Motion to Dismiss, both filed on April 27, 2006.[1] Plaintiffs' filed a Response to NL Industries' and Cadillac Coffee Company's Motion to Dismiss Counts III and IV on May 23, 2006. Plaintiffs filed a Memorandum in Opposition to Defendant Cadillac Coffee's Motion to Dismiss Plaintiffs' Second Amended Complaint on May 23, 2006.

In their Complaint, removed to this Court by Defendant NL Industries, Inc. on February 28, 2006 pursuant to 28 U.S.C. §§ 1441, and 1446, Plaintiffs allege four counts against

---

[1] On April 27, 2006, Defendants Electric Auto-Lite Company, Eltra Corporation, Prestolite Battery Company, Allied Chemical Corporation, Allied Corporation and Allied Signal, now known as Honeywell International, Inc. filed a Notice of Joinder/Concurrence to Defendant NL Industries, Inc.'s Motion to Dismiss Counts III and IV. On June 13, 2006, Defendant Consolidated Rail Corporation filed a Notice of Joinder/Concurrence to Defendant NL Industries, Inc.'s Motion to Dismiss Counts III and IV. On June 14, 2006, Stanley Marx likewise filed a Notice of Joinder/Concurrence to Defendant NL Industries, Inc.'s Motion to Dismiss Counts III and IV.

Defendants.[2]  They are: (1) Negligence; (2) Nuisance; (3) Trespass; and (4) an Environmental

Claim under the Michigan Natural Resources and Environmental Protection Act (NREPA).

## II.      STATEMENT OF FACTS

Plaintiffs are 631 adults and 271 minors who are current and former residents of the

Krainz Woods neighborhood in Detroit.  Plaintiffs assert claims related to alleged emissions

from a manufacturing facility located at 4700 and 4740 East Nevada in Detroit [ the "Site"],

which was immediately adjacent to the neighborhood.  Plaintiffs allege that the smelter

operations deposited lead and other toxic chemicals in the yards and homes of the Krainz Woods

residents, causing them personal injuries related to the exposure from the chemicals, as well as

injuries related to their real property rights.  Various entities, including some of the Defendants,

conducted smelting operations on the Site from approximately 1955 to 1985.  (Pls.' Comp. at ¶

35).

## III.     APPLICABLE LAW

### A.      Standard of Review

Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which

relief can be granted.  This type of motion tests the legal sufficiency of the plaintiff's Complaint.

*Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986).  In evaluating the propriety of

---

[2] The named Defendants include:  NL Industries, Inc., Consolidated Smelting Corporation, Electric Auto-Lite Company, Eltra Corporation, Prestolite Battery Company, Allied Chemical Corporation, Allied Corporation, Allied Signal, Inc., Stanley Marx, Industrial Smelting Company, Nevada Investment Company, Stannum Nevada Corporation, Synergy Products Company, Synergy Production Group, Inc., Noble Metals, Inc., Noble Metals Resources Corporation, The Souter Company, Cadillac Coffee Company, Avada Corporation, Sitkin Smelting & Refining, Inc., Consolidated Rail Corporation, successor-in-interest to Detroit Terminal Railroad Company, Ward & Van Nuck Asphalt Company, Master Builders Metals, Inc., Master Metals, Inc. and Master Builders Company

dismissal under Rule 12(b)(6), the factual allegations in the Complaint must be treated as true. *Janan v. Trammell*, 785 F.2d 557, 558 (6th Cir. 1986).  If matters outside the pleading are presented in a Rule 12(b)(6) motion, the motion shall be treated as one for summary judgment under Rule 56(b) and disposed of as provided in Rule 56.

>  **B.      Defendant Cadillac Coffee Company's Motion to Dismiss**

Defendant Cadillac Coffee asserts that Plaintiffs' Complaint against Cadillac Coffee must be dismissed because three of Plaintiff's claims; negligence, nuisance and trespass, are barred by Michigan's three-year statute of limitations for property damage claims. *See* MICH. COMP. LAWS § 600.5805(9). Defendant Cadillac Coffee asserts that Plaintiffs' NREPA claim is barred under the Act's six-year statute of limitations.  *See* MICH. COMP. LAWS § 324.20140(1)(a), (2) and (3).   Defendant Cadillac Coffee  also argues that Plaintiffs' Complaint lacks any specific allegations that Defendant Cadillac Coffee was negligent, intruded upon Plaintiffs' land, created a nuisance or discharged contaminants, all allegations that Plaintiffs must assert in order to state a prima facie case for all of their claims.

In response, Plaintiffs assert that they have alleged sufficient facts to put Defendant Cadillac Company on notice of their claims.  The Court agrees.  Plaintiffs also assert that none of their claims are barred by the statute of limitations.  In support of this, Plaintiffs argue that their claims accrued when they discovered that they had been injured by Defendants' actions*.  See Moll v. Abbott Laboratories*, 444 Mich. 1, 506 N.W. 2d 816, 824 (1993).  Plaintiffs assert that Defendants represented that the lead chemicals had not invaded Plaintiffs' property and that Plaintiffs had not been exposed to any toxic lead.  In support of this proposition, Plaintiffs submitted a Final Phase II Summary Report for the Detroit Lead Deposition Screening Project.

3

This report, according to Plaintiffs' Response, verifies that beginning in the summer of 2003, some of the Defendants began securing permission to enter Plaintiffs' property in order to excavate roughly 9000 tons of dirt that had been contaminated with lead.  It appears that Plaintiffs discovered they had been exposed to lead as a result of these remediation efforts conducted in 2003.  Plaintiffs filed the instant Complaint in Wayne County Circuit Court on or about January 20, 2006.  If it is true that Plaintiffs discovered the injury in the summer of 2003, then their Complaint was filed before the three and six year statute of limitations periods applicable to Plaintiffs' claims.

As this argument rests upon information submitted with Plaintiffs' Response, and is information not found within the four corners of Plaintiffs' Complaint, the Court will construe Defendant Cadillac Coffee's Motion to Dismiss as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiffs assert that this Court may consider materials that are a matter of public record notwithstanding the fact that this information is absent from the Complaint.  Plaintiffs misstate the law.  The Sixth Circuit has stated that,

> [w]hen a party moves to dismiss an action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, both sides proceed with the expectation that the court will decide the motion on the basis of the pleadings alone unless the court notifies them otherwise.  Fed. R. Civ. P. 12(b)(6) provides that if on a motion asserting the defense [of failure to state a claim] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

*Song v. Elyria*, 985 F.2d 840, 842 (6th Cir. 1993).  As such, this Court may not consider this information unless it converts Defendant Cadillac Coffee's Motion to Dismiss to a Motion for Summary Judgment pursuant to Rule 56.   It appears that there may be a genuine issue of

4

material fact as to when Plaintiffs discovered their injuries.  Additionally, the Court is required to give reasonable opportunity to the parties to present all materials applicable to this issue,  as such the Court denies without prejudice Defendant Cadillac Coffee's Motion to Dismiss, treated as a Motion for Summary Judgment pursuant to Rule 56,  until both parties are afforded an adequate time for discovery.

### C.      Defendant NL Industries Motion to Dismiss Counts III and IV

Defendant NL Industries asserts that Count III, trespass, and Count IV, violation of Michigan's Natural Resources and Environmental Protection Act (NREPA), must be dismissed because both fail to state a claim upon which relief can be granted.   Defendant argues that Plaintiffs' claim for trespass should be dismissed because Michigan law does not recognize a cause of action in trespass when the allegations are that airborne particulates or ambient dust settled on property.  Defendant further asserts that under the NREPA, private causes of action may be brought in very limited circumstances, and the circumstances in the present matter do not entitle Plaintiffs to recover under the Act.

In response, Plaintiffs argue that the motion to dismiss the trespass claim is premature, and in any event, the Complaint states a claim for trespass.  Plaintiffs also assert that under the express terms of the NREPA,  private causes of action are presumed for the recovery of damage to natural resources owned by Plaintiffs,  such as land, and groundwater.

In support of its Motion to Dismiss Count III, trespass, Defendant NL Industries relies on *Adams v. Cleveland-Cliffs Iron Co.*, 237 Mich. App. 51; 602 N.W. 2d 215 (1999).  In *Adams*, the Michigan Court of Appeals held that "proof of an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession" is

required to establish a prima facie case of trespass to land.  *Id.* at 67.  The court further held that,

> [w]here the possessor of land is menaced by noise, vibrations, or ambient dust,
> smoke, soot, or fumes, the possessory interest implicated is that of use and
> enjoyment, not exclusion, and the vehicle through which a plaintiff normally
> should seek a remedy is the doctrine of nuisance.

*Id.*  Lastly, the court held that "[w]e further hold that dust must generally be considered

intangible and thus not actionable in trespass."  *Id.* at 69.

Plaintiffs assert that the facts of *Adams* render it distinguishable from the facts of the

present matter.  In *Adams*, the plaintiffs complained of mining operations of the Empire Mine,

which was located near the plaintiffs' residences.  *Id.* at 54.  The plaintiffs asserted that the

mine's blasting operations and the extraction and processing of iron ore emitted dust that was

"fine, gritty, oily, and difficult to clean."  *Id*. at 55**.**  In rendering its decision, the court noted

that,

> [t]he mining operations have consistently remained within applicable air quality
> standards and that the amount of particulate matter accumulating over [Plaintiffs'
> residences] each month amounts to less than the thickness of a sheet of paper . . . .

*Id.*  In the present matter, Plaintiffs assert that Defendants conduct in permitting lead and other

chemicals from the smelter facility to be deposited onto Plaintiffs' yards and homes constitutes a

trespass. Part of Plaintiffs' argument again rests upon its inclusion of the Final Phase II

Summary Report for the Detroit Lead Deposition Screening Project in its Response Brief. As has

been discussed, this Court may not consider this information unless it converts Defendant NL

Industries' Motion to Dismiss to a Motion for Summary Judgment under Rule 56.   It likewise

appears that there may be a genuine issue of material fact on this claim,  as such the Court denies

without prejudice Defendant NL Industries Motion to Dismiss Count III, treated as a Motion for

Summary Judgment pursuant to Rule 56,  until both parties are afforded an adequate time for

discovery.

In regard to Count IV of the Complaint, the Court agrees with Plaintiffs and finds that the statute expressly provides for a private cause of action for damages to natural resources located within or on Plaintiff's real property. *See* MICH. COMP. LAWS § 324.201 *et seq*. Defendant NL Industries' Motion to Dismiss Count IV of Plaintiffs' Complaint is DENIED.

### D.    Jurisdiction

On February 28, 2006, Defendant NL Industries removed the instant matter, asserting that this Court had original jurisdiction over the present matter pursuant to 28 U.S.C. § 1332. Defendant NL Industries asserted that diversity of citizenship between the parties existed and that the amount in controversy exceeded $75, 000. Defendant specifically stated,

> 2.    This Court has both original and supplemental jurisdiction over this case pursuant to 28 U.S.C. pursuant to 28 U.S.C. §§ 1332 and 1367, in that there is complete diversity, except for two defendants (Stanley Max, an individual Michigan resident, and Cadillac Coffee Company, a Michigan company) who are not proper parties to this action and were improperly joined to defeat diversity . . . .

(Def.'s Not. of Removal, p. 3) Based upon these representations, Defendant NL Industries is ORDERED TO SHOW CAUSE why this case should not be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction, as there is a lack of complete diversity between the parties. Defendant NL Industries must demonstrate that both Defendants Marx and Cadillac Coffee Company are improper parties to this action.

## IV.    CONCLUSION

Accordingly,

IT IS ORDERED that Defendant NL Industries, Inc.'s Motion to Dismiss Counts III and IV [**Docket No. 21, filed on April 27, 2006**] is DENIED.

7

IT IS FURTHER ORDERED that Defendant Cadillac Coffee Company's Motion to Dismiss [**Docket No. 24,  filed on April 27, 2006**] is DENIED.

IT IS FURTHER ORDERED that Defendant NL Industries show cause in writing within 21 days of the date of this Order, as to why this case should not be remanded to state court for lack of subject matter jurisdiction.

/s/ Denise Page Hood
DENISE PAGE HOOD

Dated: March 31, 2007                           United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager